June 6, 1978

## 78-32 MEMORANDUM OPINION FOR THE COMPTROLLER OF THE CURRENCY

### Comptroller of the Currency—Litigation Authority (15 U.S.C. § 78u(d))

This responds to your request for our concurrence in your position that the Comptroller of the Currency may appear in United States courts by its own counsel to carry out its functions under the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* (Exchange Act). We concur for the reasons outlined below.

In 1964, Congress enacted amendments to the Exchange Act which gave certain powers to the Comptroller with respect to securities of banks over which he has jurisdiction. 15 U.S.C. § 78l(i). The sections of the Exchange Act which the Comptroller is authorized to administer and enforce as to bank securities include those relating to registration, reports, proxies, and trading by insiders. 15 U.S.C. §§ 78l, m, n(a), n(c), n(d), n(f), and p.

The amendments vested in the Comptroller "the powers, functions and duties" possessed by the Securities and Exchange Commission (SEC) to administer these Exchange Act provisions as to pertinent bank securities. Among the powers vested in the SEC to enforce these provisions is the right to bring actions in the Federal district courts to enjoin violations. 15 U.S.C. § 78u(d). Although, as a general rule, the conduct of litigation to which an agency of the United States is a party is reserved to officers of the Department of Justice, 28 U.S.C. § 516, it has been held that the SEC has the authority to bring actions on its own behalf. *S.E.C.* v. *Collier*, 76 F. (2d) 939 (2d Cir. 1935); *S.E.C.* v. *Sloan*, 535 F. (2d) 679, 681 (2d Cir. 1976), cert. denied, 430 U.S. 966 (1977). Thus, the statute, standing by itself, seems plain enough with respect to the delegation of litigation authority to the Comptroller.

It is worth noting, moreover, that this interpretation is clearly supported by the legislative history. At the time of the amendment the SEC submitted an explanatory memorandum to Congress stating that "the Federal banking agencies . . . would have the power . . . to investigate, *institute suits to enjoin,* and forward evidence to the Attorney General from criminal prosecution under section 21[15 U.S.C. 78u(d)]." [Emphasis added.] *Investor Protection, Part 2,*

*Hearings Before a Subcommittee of the House Interstate and Foreign Commerce Committee,* 88th Cong., 1st and 2d sess. at 1365 (1964). Because the question you have asked is, in essence, whether litigating authority for bank securities in connection with the relevant Exchange Act provisions remains with the SEC or whether it has been delegated to the Comptroller, we consider the views of the Commission particularly relevant.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*